## ALLIANCE MUTUAL INSURANCE COMPANY vs. GEORGE P. SWIFT, Executor.

It is no defence to an action by an insurance company on a premium note, that the company is insolvent, or that they voted to cancel all their policies, if the assured did not also assent to such cancellation.

ASSUMPSIT on a premium note, of which the following is a copy: "New York, July 10, 1845. "$181.25. Two months after the arrival of the Bark Pacific, I promise to pay the Alliance Mutual Insurance Company, or order, for value received, one hundred eighty-one dollars and twenty-five cents, with such additional premium as may become due, under a policy of insurance made this day, by the Alliance Mutual Insurance Company on said vessel, her outfits and takings, according to the tenor thereof.                    ASA SWIFT."

The case was submitted to the court of common pleas, and by appeal to this court upon facts agreed. The note was given by the defendant's testator for insurance of $4,000 for two years. The Pacific arrived June 17, 1849, and the plaintiffs claimed additional premium for one year, eleven months, and six days, $174, amounting in all to $355.25, as due August 17, 1849, with interest from that time. During the voyage and before May 20, 1847, a partial loss occurred, on account of which $205.25 are due to the defendant, and that sum with interest from October, 1849, is to be deducted from the amount of the plaintiffs' claim. While The Pacific was at sea, the defendant's testator received a circular, of which the following is a copy: "Office of the Alliance Mutual Insurance Company, New York, May 20, 1747. In accordance with the following resolution adopted this day by the Board of Trustees, namely; 'That the situation of the company is such, that they unanimously recommend that its business be closed immediately, and that notice of the same be given to the assured,' you are requested to send to the office the policy you hold from the company, to be cancelled.                    JAMES LAWSON, Secretary."

The defendant's testator did not send his policy to the plaintiffs' office, nor take any action by reason of said circular. The defendant contends, that at the date of the above circular, the plaintiffs were in fact insolvent, and if evidence on that point be competent, and the fact material, the same is to be submitted to the jury. If the plaintiffs are entitled to the whole sum claimed, judgment is to be entered for the sum of $355.25 with interest, from August 17, 1849, less the sum of $205.25 with interest, from October, 1849; otherwise an assessor is to be appointed by the court to assess the plaintiffs' damages upon such principles as shall be established by the court, and judgment rendered as they shall order.

*L. F. Brigham,* for the plaintiffs.

*T. D. Eliot,* for the defendant.

Bigelow, J.   The defendant admits the right of the plaintiffs to recover so much as was due to them on the premium note up to the time of their sending the notice of May 20, 1847, but contends, that, after that period, the contract between the parties was at an end.   It would have been so, very clearly, if there was any fact in the case from which the inference could be fairly drawn, that the defendant's testator ever assented to a rescission of the contract of insurance by the company, or a cancellation of his policy.   It was not in the power of the plaintiffs to get rid of their liabilities by a mere vote to close their business and a notice of such vote to policy holders.   To render such vote effectual as a termination of their liability, it was necessary that it should be assented to by the persons insured by them; because the elementary rule of law is, that, as both parties must assent to a contract before it becomes binding, so, in the absence of fraud, both must agree to rescind or cancel it, before it will cease to be obligatory.   There is nothing in the case at bar which shows any assent, on the part of the promisor, to the vote contained in the notice sent to him by the company. For aught that appears, he might have intended to refuse his consent and hold the plaintiff corporation liable on the policy. Certainly on the facts agreed, the plaintiffs would have been liable on the policy, and the notice sent by them to the

Alliance Mutual Insurance Company *v.* Swift, Executor.

deceased, would have constituted no defence to a claim against them upon it. It cannot be, that the contract was at an end as to one party and still remained obligatory upon the others. The same evidence of rescission of the contract, which would constitute a defence to the note, would have been equally an answer to a claim under the policy. It cannot be pretended, that there is any thing in the case, from which an assent on the part of the deceased to treat the policy as at an end can be inferred. The contract must, therefore, be taken as in full force between the parties; the plaintiffs being still liable on their policy, and the defendant's testator being bound by his premium note.

It was urged by the counsel for the defendant, that a knowledge by the company, or a notice to them, of the assent of a policy holder to the vote passed by the company, was wholly immaterial and could not have affected the interests of the plaintiffs. If this be so, it does not change the rule of law, which requires the assent of both parties to make a valid rescission of a contract. But it seems to us, that it might have been quite material for the plaintiffs to know whether the assured were willing to surrender their policies. Being in a weak or insolvent condition, they might have desired to obtain reinsurance of those risks, for which they continued liable, and thus prevent deeper insolvency. The extent to which the plaintiff corporation was insolvent does not appear; but it might have been of great importance to them to secure themselves against any further losses, in order to prevent a greater diminution of their assets.

It was not strenuously contended by the counsel for the defendant, that the mere insolvency of the plaintiffs, of itself, constituted any valid ground of defence to the premium note. We know of no principle which prevents an insolvent party from enforcing valid contracts in his favor in a court of law.

*Judgment for the plaintiffs.*